UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

MARCIS LINDEMS,

    Plaintiff,

v.

COMPLETE REMODELING CORP.          Case No.:    16-cv-1449

    and

ALEX PODOSKY,

    Defendants.

# COMPLAINT

## PRELIMINARY STATEMENT

1. This is an action brought by Plaintiff Marcis Lindems against his former employers, Complete Remodeling Corp. and Alex Podosky, for violations of the Fair Labor Standards Act of 1938, as amended, ("FLSA"), and Wisconsin wage and hour laws. Plaintiff Marcis Lindems was an hourly employee of Complete Remodeling Corp. and Alex Podosky at times since February 2014. At all times during Plaintiff Lindems' employment at Complete Remodeling Corp., Alex Podosky oversaw the day-to-day operations and had control over the compensation practices and human resources of Complete Remodeling Corp. Since February 2014, Defendants Complete Remodeling Corp. and Alex Podosky failed to compensate Plaintiff Marcis Lindems at a rate of one and one-half times his regular rate of pay

for all hours worked in excess of forty hours in a given workweek in violation of the FLSA and Wisconsin wage and hour laws.

2. Plaintiff Lindems brings this action pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), for purposes of obtaining relief under the FLSA for unpaid overtime compensation, unpaid wages, liquidated damages, costs, attorneys' fees, injunctive relief, and/or any such other relief that the Court may deem appropriate. Plaintiff Lindems brings this action pursuant Wisconsin's wage and hour laws for unpaid overtime compensation, agreed-upon wages, civil penalties, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief that the Court may deem appropriate.

3. Defendants Complete Remodeling Corp. and Alex Podosky's willful failure to compensate Plaintiff Lindems at one and one-half times his regular rate for hours worked in excess of forty in a given workweek violates the FLSA and Wisconsin law.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction under 28 U.S.C. § 1331, because this case presents federal questions brought under the FLSA.

5. The Court has supplemental jurisdiction over the Wisconsin state law claims pursuant to 28 U.S.C. § 1367, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this district, and Defendants Complete Remodeling Corp. and Alex Podosky have substantial and systematic contacts in this District.

## PARTIES

7. Defendant Complete Remodeling Corp. ("Complete Remodeling") is a Wisconsin Corporation with a principal office located in Mequon, Wisconsin. Complete Remodeling's registered agent for service of process in the State of Wisconsin is Alex Podosky located in Mequon, Wisconsin.

8. Defendant Alex Podosky ("Podosky") is an adult resident of the State of Wisconsin who is the owner/operator of Complete Remodeling. Podosky has had control over the compensation practices and human resources of Complete Remodeling at all times since February 2014.

9. Complete Remodeling and Podosky are joint employers and hereinafter collectively referred to as "Defendants."

10. Joinder of Defendants is proper pursuant to Fed. R. Civ. P. 20(a)(2) because Plaintiff's rights to relief are asserted against Defendants arising out of the same series of occurrences and common questions of law and fact.

11. Plaintiff Marcis Lindems is an adult resident of the State of Wisconsin who was formerly employed at Complete Remodeling.

## GENERAL ALLEGATIONS

12. Plaintiff Lindems was formerly an employee of Defendants who worked as a "General Laborer" from approximately February 2014 through December 2015.

13. Since February 2014, Defendants have provided and continue to provide remodeling services in Wisconsin.

14. At all times during his employment for Defendants, Plaintiff Lindems performed a wide variety of duties.

15. During his employment with Defendants, Plaintiff Lindems generally performed his duties in the field (at houses and businesses) during the workweek.

16. While employed by Defendants, Defendants paid Plaintiff Lindems at an hourly rate of $15.00 for all hours worked.

17. Since February 2014, Defendants regularly suffered or permitted Plaintiff Lindems to work in excess of forty hours per week for work he performed for Defendants.

18. Since approximately February 2014, Defendants failed to pay Plaintiff Lindems for hours of work performed.

19. Since approximately February 2014, Defendants failed to pay Plaintiff Lindems for hours worked in excess of forty in any given workweek at a rate of one and one half time his regular rate in violation of the FLSA and Wisconsin law.

20. As a representative example, during the week of March 9, 2015 through March 13, 2015, Plaintiff Lindems worked 46 hours and was paid his

regular hourly rate of $15 per hour for all 46 hours, without overtime premium compensation.

21. Since approximately February 2014, Defendant Podosky has been the owner and operator of Completed Remodeling.

22. Since approximately February 2014, Defendant Podosky was involved in the management, supervision, and oversight of Completed Remodeling and had the ability to hire and fire employees; was involved in and had control over employee compensation, benefits decisions, and policy making; was involved in Completed Remodeling's day-to-day functions; and had a role in determining employee rates of pay.

23. Defendant Podosky made the decision to compensation Mr. Lindems in the fashion that Defendants did, including Defendants refusal to pay overtime premium compensation.

24. Defendants failed to maintain records of start and end times of each workday for Plaintiff Lindems during the course of his employment by Defendants.

25. Defendants failed to maintain records of the start and end times of meals periods for Plaintiff Lindems during the course of his employment by Defendants.

### FIRST CLAIM FOR RELIEF
### Violations of the Fair Labor Standards Act – Unpaid Overtime

26. Plaintiff Lindems reasserts and incorporates by reference all previous paragraphs as if they were set forth herein.

27. Between approximately February 2014 through December 2015, Plaintiff Lindems has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

28. Between approximately February 2014 through December 2015, Completed Remodeling has been and continues to be an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

29. Between approximately February 2014 through December 2015, Completed Remodeling was an employer of Plaintiff Lindems as provided under the FLSA.

30. As a result of the above alleged practices, Completed Remodeling violated the FLSA, 29 U.S.C. §§ 207 et seq., by failing to account for and compensate Plaintiff Lindems at one and one-half times his regular rate for hours worked in excess of forty in a workweek since February 2014.

31. Plaintiff Lindems is entitled to damages equal to the mandated overtime rate of one and one-half times his regular rate since February 2014, plus periods of equitable tolling because Completed Remodeling acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

32. Completed Remodeling's failure to properly compensate Plaintiff Lindems was willfully perpetrated and Plaintiff Lindems is therefore entitled to recover unpaid wages dating back to February 2014.

33. Plaintiff Lindems is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b).

34. Alternatively, should the Court find that Plaintiff Lindems is not entitled to liquidated damages, Plaintiff Lindems is entitled to an award of pre-judgment interest at the applicable legal rate.

35. Pursuant to the FLSA, 29 U.S.C § 216(b), Plaintiff Lindems is entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid overtime wages.

## SECOND CLAIM FOR RELIEF
### Violations of Wisconsin Law – Unpaid Overtime

36. Plaintiff Lindems reasserts and incorporates by reference all previous paragraphs as if they were set forth herein.

37. Between approximately February 2014 through December 2015, Plaintiff Lindems was an employee within the meaning of Wis. Stat. § 109.01 *et seq*.

38. Between approximately February 2014 through December 2015, Plaintiff Lindems was an employee within the meaning of Wis. Stat. § 103.001 *et seq*.

39. Between approximately February 2014 through December 2015, Plaintiff Lindems was an employee within the meaning of Wis. Stat. § 104.01 *et seq*.

40. Between approximately February 2014 through December 2015, Plaintiff Lindems was an employee within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq*.

41. Between approximately February 2014 through December 2015, Plaintiff Lindems was an employee within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

42. Between approximately February 2014 through December 2015, Completed Remodeling was an employer within the meaning of Wis. Stat. § 109.01 *et seq.*

43. Between approximately February 2014 through December 2015, Completed Remodeling was an employer within the meaning of Wis. Stat. § 103.001 *et seq.*

44. Between approximately February 2014 through December 2015, Completed Remodeling was an employer within the meaning of Wis. Stat. § 104.01 *et seq.*

45. Between approximately February 2014 through December 2015, Completed Remodeling was an employer within the meaning of Wis. Admin. Code § DWD 272.001 *et seq.*

46. Between approximately February 2014 through December 2015, Completed Remodeling was an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

47. Between approximately February 2014 through December 2015, Defendant Podosky was an employer within the meaning of Wis. Stat. § 109.01 *et seq.*

48. Between approximately February 2014 through December 2015, Defendant Podosky was an employer within the meaning of Wis. Stat. § 103.001 *et seq.*

49. Between approximately February 2014 through December 2015, Defendant Podosky was an employer within the meaning of Wis. Stat. § 104.01 *et seq.*

50. Between approximately February 2014 through December 2015, Defendant Podosky was an employer within the meaning of Wis. Admin. Code § DWD 272.001 *et seq.*

51. Between approximately February 2014 through December 2015, Defendant Podosky was an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

52. Between approximately February 2014 through December 2015, Completed Remodeling had, and continues to have, common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff Lindems for all agreed-upon and overtime wages owed pursuant to Wisconsin law.

53. Wis. Stat. § 109.03 requires payment of all wages earned by the employee to a day not more than thirty-one days prior to the date of payment.

54. The foregoing conduct, as alleged above, constitutes continuing, willful, dilatory, and unjust violations of Wisconsin's law requiring the payment of overtime and agreed-upon wages.

55. As set forth above, Plaintiff Lindems has sustained losses in his compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff Lindems seeks damages in the amount of his respective unpaid compensation, injunctive relief requiring Defendants to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.

56. Under Wis. Stat. § 109.11, Plaintiff Lindems is entitled to civil penalties equal and up to fifty percent of his unpaid wages.

57. Plaintiff Lindems seeks recovery of attorneys' fees and the costs of this action to be paid by Defendants pursuant to Wisconsin wage laws.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff Lindems, respectfully requests the following relief:

a) Issuance of an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Completed Remodeling's actions as described herein to be unlawful and in violation of Wisconsin Law;

b) An Order finding that Completed Remodeling violated the FLSA and Wisconsin wage and hour law;

c) An Order finding that Defendants violations of the FLSA and Wisconsin law were willful, dilatory and unjust;

d) Judgment against Completed Remodeling in the amount equal to the Plaintiff Lindems' unpaid overtime wages at the applicable regular rate;

e) An award in the amount of all liquidated damages and civil penalties as provided under the FLSA and Wisconsin law;

f) An award in the amount of all costs and attorneys' fees incurred in the course of prosecuting these claims as well as pre-judgment and post-judgment interest; and

g) Such other relief as the Court deems just and equitable.

Dated this 28th day of October, 2016.

Respectfully submitted,

*s/ Larry A. Johnson*
Larry A. Johnson
SBN 1056619
Summer H. Murshid
SBN 1075404
Timothy P. Maynard
SBN 1080953

**Hawks Quindel, S.C.**
222 East Erie Street
Suite 210
P.O. Box 442
Milwaukee, WI 53201-0442
Telephone: (414) 271-8650
Fax: (414) 271-8442
Email(s):  ljohnson@hq-law.com
smurshid@hq-law.com
tmaynard@hq-law.com