# CONFIDENTIAL SETTLEMENT AND RELEASE AGREEMENT

THIS AGREEMENT is made by and between Plaintiff Marcis Lindems ("Lindems") and Defendants Complete Remodeling Corp. and Alex Podosky (collectively "Complete Remodeling").

In consideration of the monies and mutual promises contained in this Agreement, the parties agree as follows, provided that Lindems signs this Confidential Settlement and Release Agreement ("Agreement").

1. Complete Remodeling will pay Lindems a gross total equal to $12,500.00. Payments shall be made as follows:

    (a) $3,000.00 to Lindems representing back wages for which a W2 will be provided by Complete Remolding;

    (b) $3,000.00 to Lindems representing liquidated damages for which an IRS Form 1099 will be provided by Compete Remodeling; and

    (c) $6,500.00 to Lindems attorneys, Hawks Quindel, S.C.

The following chart is a schedule of the Settlement Payment described in Section 1:

| Date Due | Total Payment | Hawks Quindel S.C. | Lindems (1099) | Lindems (W-2) |
|---|---|---|---|---|
| Within thirty days of Lindems signing settlement paperwork | $4,500.00 | $2,500.00 | $1,000.00 | $1,000.00 |
| No later than September 30, 2017 | $4,000.00 | $2,000.00 | $1,000.00 | $1,000.00 |
| No later than November 30, 2017 | $4,000.00 | $2,000.00 | $1,000.00 | $1,000.00 |

2. Lindems agrees that no reinstatement rights exist and that at no time in the future will Lindems seek employment with Complete Remodeling.

3. There shall be no other payments or benefits to Lindems. Lindems and Complete Remolding acknowledge and agree that the foregoing payments resolve the claims for unpaid wages brought by Lindems in E.D. Wis. Case No. 16-cv-01449-PP.

4. Lindems hereby waives, releases, and forever discharges Complete Remodeling, its parent and sister entities, subsidiaries, directors, officers,

trustees, employees, and agents (hereinafter collectively "Releasees") from any and all known or unknown actions, causes of action, claims or liabilities of any kind which have been or could be asserted against Complete Remodeling or other Releasees arising out of or related to Lindems employment with and/or separation from employment with Complete Remodeling up to and including the date of this Agreement, including but not limited to:

    A. all claims, actions, causes of action, or liabilities arising in connection with ERD Case No. LS201600242; Title VII of the Civil Rights Act, as amended; the Fair Labor Standards Act ("FLSA"), as amended; the Healthcare Worker Protection Act; the Employee Retirement Income Security Act ("ERISA"), as amended; the Rehabilitation Act, as amended; the Americans With Disabilities Act ("ADA"), as amended; the Family and Medical Leave Act ("FMLA"), as amended; the Wisconsin Fair Employment Act ("WFEA"); Wisconsin wage and hour laws; and/or any other federal, state, municipal, or local employment-related statutes or ordinances (including but not limited to claims based on age, sex, attainment of benefit plan rights, race, color, creed, religion, arrest and/or conviction record, genetic and/or honesty testing, national origin, marital status, sexual orientation, ancestry, harassment, parental status, handicap, disability, retaliation, and veteran status); and/or

    B. claims, actions, causes of action, or liabilities arising under any other federal, state, municipal, or local statute, law, ordinance or regulation; and/or

    C. any other claim whatsoever including but not limited to claims based on breach of contract, wrongful termination, retaliation, defamation, intentional infliction of emotional distress, negligence and/or any other common law, statutory, or other claim whatsoever arising out of or relating to Lindems' employment with and/or separation from employment with Complete Remodeling, but excluding any claims which by law Lindems cannot waive, including the right to file an administrative charge of discrimination. Lindems agrees, however, to waive any right to any monetary or equitable recovery, should any federal, state, or local administrative agency or any other person or entity pursue any claim(s) on Lindems behalf arising out of or related to Lindems' employment with Complete Remodeling or separation therefrom.

    The claims released under this Agreement are limited only to those claims arising out of or related to Lindems' employment with and/or separation from employment with Complete Remodeling.

    5. Except as to claims that cannot be released under applicable law, Lindems waives and releases any and all claims Lindems have or might have against Complete Remodeling arising out of or related to Lindems employment

with and/or separation from employment with Complete Remodeling.

6. Lindems acknowledges that no on-the-job injury or illness has been suffered by Lindems and that, once the payments provided for herein have been paid, Lindems has been paid all wages and other benefits due to Lindems.

7. Lindems agrees not to disclose the details of this Agreement to any person or entity other than
      a. pursuant to lawful process (including discovery requests),
      b. to agents and/or employees of government agencies acting in their official capacities,
      c. to the extent needed to meet bank or regulatory requirements for deposits or credit applications,
      d. anything that is public record,
      e. in any matter in which either party's attorney's fees are at issue (if relevant thereto),
      f. to defend the attorney for either party against charges of professional misconduct or malpractice (if relevant thereto),
      g. to Lindems attorney, accountant, tax advisor, and/or financial advisor,
      h. as may be required by law,
      i. to Lindems medical and mental-health providers in the course of seeking their professional services,
      j. to Lindems clergy in the course of seeking their pastoral services, and
      k. pursuant to Lindems rights to engage in concerted activities for the purpose of mutual aid or protection under the National Labor Relations Act and similar state and local laws.

Lindems may disclose the details of this Agreement to his immediate family only if Lindems ensures that Lindems' spouse does not disclose the details of this Agreement except as required by law.

8. The Parties will file a Joint Motion for Court Approval of Settlement Entry of Judgment in E.D. Wis. Case No. 16-cv-01449-PP pursuant to FRCP 41 within ten days of receiving signatures on this Agreement.

9. Complete Remodeling and the other parties released by this Agreement specifically deny that they have violated any statute, regulation, or other legal duty governing their relationship with Lindems. It is understood that the payments and other consideration provided for by this Agreement are not and shall not be construed to be an admission of guilt or liability on the part of any party released.

10. The Parties agree that in the event the other Party breaches this Agreement, the breaching Party will indemnify and hold the non-breaching Party

harmless for any costs, damages and expenses, including reasonable attorney's fees, arising out of the breach of this Agreement by that Party, or arising out of any suit or claim to enforce this Agreement. If Complete Remodeling breaches the payment provisions as set forth in Paragraph 1 above, Complete Remodeling will have opportunity to cure within seven days of the breach. However, Complete Remodeling's failure to cure a breach within seven days of the breach shall result in an automatic conversion to judgment against Complete Remodeling in the amount of $16,245.50, less all settlement amounts paid up to the date of the breach. Judgment shall be entered in a form substantially similar to **Exhibit A** to this Agreement. Should a default on Complete Remodeling's part cause Lindems to incur additional attorneys' fees and/or costs to collect the remaining amount, Lindems shall be entitled to collect his reasonable attorneys' fees and costs incurred in connection with such in collection efforts. The Court shall retain jurisdiction over this matter for this sole purpose.

11. This Agreement in all respects shall be interpreted, enforced, and governed under applicable federal law, and in the event reference shall be made to state law, the internal laws of the state of Wisconsin shall apply. If either party breaches this agreement, the prevailing party shall be entitled to attorneys' fees and costs associated with enforcing the terms of this Agreement. Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected, and the illegal or invalid part, term, or provision shall be deemed not to be a part of this Agreement. The language of this Agreement shall not be construed for or against any particular party.

12. LINDEMS ACKNOWLEDGES THAT THIS CONFIDENTIAL SETTLEMENT AND RELEASE AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS THROUGH THE DATE OF SIGNING.

13. Lindems acknowledges and agrees that Lindems has carefully read this Agreement, that Lindems understands it, and that Lindems voluntarily enters into this Agreement by signing below. Lindems further acknowledges that Lindems is of sound mind.

14. Lindems acknowledge that this Agreement contains all provisions of the parties' agreements and that Lindems has not relied on any other oral or written statements by the Releasees or their representatives in entering into this Agreement.

15. Lindems acknowledge that by signing this Agreement, Complete Remodeling can and will rely on the foregoing acknowledgment in also signing this Agreement.

AGREED TO AND ACCEPTED:

_____
Marcis Lindems

_06.22.17_____
Date

Complete Remodeling Corp.

_____
By: Alex Podosky

_6.23.17_____
Date

_____
Alex Podosky

_6.23.17_____
Date

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

MARCIS LINDEMS,

    Plaintiff,

v.

COMPLETE REMODELING CORP.      Case No.: 16-cv-1449

and

ALEX PODOSKY,

    Defendants.

## ENTRY OF JUDGMENT

    Whereas this action was previously resolved by the Parties through settlement; the Settlement Agreement stipulated to the entry of this judgment without further action by the Parties or the Court; Defendants failed to make payment as required under the Settlement Agreement; and the Court retained jurisdiction to enforce the terms of the Settlement Agreement,

    IT IS HEREBY ORDERED AND ADJUDGED that Plaintiff shall recover from Defendants the amount of _____, which represents the difference between $16,245.50 and all settlement payments made to date, plus all attorneys' fees and costs incurred by Plaintiff's counsel in connection with collection efforts under the Settlement Agreement.

Dated this day_____ of _____ 2017.

                        By:_____
                        Honorable Pamela Pepper
                        United States District Judge